IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | :<br>:<br>: |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | :<br>: |
| | : JURY TRIAL DEMANDED |
| HAMILTON GROWERS, INC. d/b/a SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., | :<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and/or race and to provide appropriate relief to Johnny Blackwell, Latoya Blackwell, Michael Blakely, Michael Collins, Kimble Daniels, Fiona Dawson, Rickey Forrest, Terrick Grant, Willie Harmon, Richard Jones, Joanna Lee, Johnny Moore, Sammy Myricks, Jimmy Pasley, Courtney Ranger, Ronnie Severson, Quincy Thornton, Zandrea Wade and Alicia Ware, and other aggrieved individuals ("class members") who

worked for Hamilton Growers, Inc. d/b/a Southern Valley Fruit and Vegetable, Inc. (the "Defendant") in Norman Park, Georgia from January 2009 to present and who were adversely affected by such practices. The Plaintiff alleges that Defendant engaged in a pattern or practice of unlawful discrimination by terminating and/or constructively discharging Americans based on national origin. The Plaintiff further alleges that Defendant intentionally and unlawfully terminated African Americans based on race and/or national origin. The Plaintiff further alleges that Defendant engaged in a pattern or practice of unlawful discrimination by placing individuals who were born in the United States and of American national origin in less desirable job assignments and providing fewer work opportunities on the basis of their national origin, resulting in such persons earning less than their non-American comparators. Plaintiff also alleges that Americans were subjected to different terms and conditions of employment based on their national origin.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Waycross Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707(a) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6(a).

4.  At all relevant times, Defendant Employer has continuously been a corporation doing business in the state of Georgia and the city of Norman Park, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Johnny Blackwell, Latoya Blackwell, Michael Blakely, Michael Collins, Kimble Daniels, Fiona Dawson, Rickey Forrest, Terrick Grant, Willie Harmon, Richard Jones, Joanna Lee, Johnny Moore, Sammy Myricks, Jimmy Pasley, Courtney Ranger,

Ronnie Severson, Quincy Thornton, Zandrea Wade and Alicia Ware ("Charging Parties") filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Termination Based on National Origin

7. Since at least January 2009, Defendant Employer has engaged in unlawful employment practices at its Norman Park location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by unlawfully subjecting a class of American employees to a pattern or practice of discriminatory treatment by disproportionately terminating them based on their national origin.

8. Defendant hired approximately 114 American workers and 370 workers from Mexico ("Mexican workers") for the agricultural growing season in 2009.

9. By June 2009, at least 58 American workers were terminated or constructively discharged, and on information and belief, the overwhelming majority of American workers were terminated or constructively discharged prior to the close of the 2009 growing season.

10. Few to none of the Mexican workers were involuntarily terminated or constructively discharged during the 2009 growing season.

11. Defendant hired approximately 233 American workers and 518 Mexican workers for the agricultural growing season in 2010.

12. Approximately 80 Americans were fired on May 21, 2010. The Human Resources representative told them "All you Americans are fired."

13. By June 2010, at least 220 American workers were terminated or constructively discharged.

14. Few to none of the 518 Mexican workers were involuntarily terminated or constructively discharged during the 2010 growing season.

15. The termination of American workers in 2009 and 2010 was based on their national origin.

## Termination Based on Race and /or National Origin

16. Since at least June 2009, Defendant Employer engaged in unlawful employment practices at its Norman Park location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by intentionally and unlawfully terminating a group of African American (black) employees on the basis of their race.

17. On June 1, 2009 at least sixteen African American workers were summarily terminated, including Johnny Blackwell, Michael Blakely, Michael Collins, Rickey Forrest, Terrick Grant, Willie Harmon, Richard Jones, Johnny Moore, Sammy Myricks, Jimmy Pasley, Quincy Thornton, Earl Davis, Jerry Davis, Timothy McNealy, Gary Sims and Michael Tuff.

18. At the time the decision to discharge these individuals was made, the terminating official said "All you black American people, f*#k you all...[J]ust go to the office and pick up your check."

19. Willie Harmon, African American, who was not working on the day of the June 1, 2009 mass firing, learned upon his return to work shortly thereafter that he, too, had been terminated. He was told by one of Defendant's supervisors that all of the African Americans had been fired.

20. When Willie Harmon asked why he was terminated, he was told "no specific reason" by the Human Resources representative.

21. Richard Jones, African American, who was not present during the termination arrived shortly thereafter and observed his African American co-workers standing in line to receive their final checks. He too was terminated and given his final check.

22. The termination of these sixteen individuals was based race and/or national origin.

23. On May 9, 2009, Defendant terminated at least seven African American (black) workers, including Fiona Dawson, Zandrea Wade, Alicia Ware, Victoria Bigelow, Maxine Harris, Kayla McCloud and Trina Scott for the express reason that Defendant had been required to pay them over $40.00 in make-up pay.

24. Make-up pay is required when an employee performs piece-work labor, but does not gather enough pieces to earn the equivalent of minimum wage during the pay period. In that event, the Defendant was required to pay "make-up pay", the difference between the amount earned and the prevailing minimum wage.

25. Although at least fifty workers from Mexico were paid over $40.00 in make-up pay for a pay period, none of these workers were terminated.

26. The Defendant's articulated reason for terminating the African American workers identified in Paragraph 23 is pretextual because not all persons who had received more than $40.00 in make-up pay were terminated, i.e., the rule was not applied to foreign workers.

27. The African Americans identified in Paragraph 23 were terminated based on their race and/or national origin.

## **Disparate Terms and Conditions of Employment**

28. Since at least March 2009, Defendant Employer engaged in unlawful employment practices at its Norman Park location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by intentionally and unlawfully subjecting Americans to disparate terms and conditions of employment based on their national origin and/or race (black).

29. During the 2009 and 2010 growing and harvesting seasons, Defendant gave American workers discriminatory job assignments which resulted in them

7

earning less pay than workers from Mexico. This was done by systemically assigning American workers to pick vegetables on a piece-work basis from rows which had less desirable produce or already been picked by workers from Mexico.

30. During the 2009 and 2010 growing and harvesting seasons, Defendant engaged in a pattern and practice of giving American workers less job opportunities than workers from Mexico. Defendant accomplished this by habitually delaying work start times, sending American workers home and denying them the opportunity to work at all, or ending their workday while allowing Mexican workers to continue to work.

31. The practices complained of in Paragraph 30 resulted in American workers receiving less work hours and less pay than their counterparts from Mexico.

32. During the 2009 and 2010 growing and harvesting seasons, the Defendant engaged in a pattern or practice of assigning Mexican workers to more favorable job assignments in the packing shed and/or those paid on an hourly basis while assigning American workers to field jobs paid by the piece.

33. The unlawful employment practices complained of in paragraphs 7 through 32 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the American and African American (black) class members.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a pattern or practice of terminating American and African American persons based on national origin and race in its Georgia facilities and work sites, and engaging in any other employment practice which discriminates on the basis of national origin or race.

B.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a pattern or practice of assigning persons to jobs based on national origin or race in its Georgia facilities and work sites.

C.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting American and African-American employees to disparate terms and conditions of employment based on national origin and/or race.

D.      Order Defendant Employer, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all

American and African-American employees, and which eradicate the effects of its past and present unlawful employment practices.

E.   Order Defendant Employer to make whole the Charging Parties and the class members, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole the Charging Parties and the class members, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 7 through 32 above, including job search expenses, in amounts to be determined at trial.

G.   Order Defendant Employer to make whole the Charging Parties and the class members, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 through 32 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.   Order Defendant Employer to pay to the Charging Parties and the class members punitive damages for its malicious and/or reckless conduct described in paragraphs 7 through 32 above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

9/29/2011
Date

*s/ Robert K. Dawkins*
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

JAMES L. CERWINSKI
Trial Attorney
Georgia Bar No. 277846

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office

100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905